NEWBY DAUGHERTY V. THE STATE.

No. 10125.  Delivered February 2, 1927.

**1.—Driving Auto While Intoxicated—Continuance—No Diligence Shown—Properly Refused.**

Where it was shown that the appellant was indicted on the 25th day of October, 1924, and was not tried until the 14th day of November, 1925, his application for a continuance on account of the absence of witnesses for whom no process was issued until the 24th day of October, 1925, was properly overruled.

**2.—Same—Continuance—For Absent Witnesses Served—Must Be Material.**

Where a continuance is asked for on account of the absence of witnesses who have been served with process, the application must show that the testimony of the absent witnesses is material to the defense, and must be shown to be of such probative force as would likely produce a different verdict, had they been presented and testified upon the trial.

Appeal from the District Court of Hunt County.  Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for driving an automobile while intoxicated, penalty a fine of $50 and thirty days in the county jail.

The opinion states the case.

*Jas. W. Baskett* for appellant.  In support of his application for a continuance, appellant cites:  McRoberts v. State, 92 S. W. 804; Day v. State, 138 S. W. 130; Baxter v. State, 150 S. W. 912; Johnson v. State, 244 S. W. 518; Bookout v. State, 255 S. W. 441. Moore v. State, 257 S. W. 246; Kinslow v. State, 272 S. W. 468, and McLendon v. State, 275 S. W. 1045.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for driving an automobile while intoxicated, punishment being a fine of $50 and confinement in the county jail for 30 days.

It is unnecessary to detail the evidence.  Officers who arrested appellant testified as to his conduct at the time and state positively that he was intoxicated when taken out of the car and placed in jail.

The only question calling for discussion is the complaint that the court committed error in refusing appellant's application for continuance.  The indictment was returned on the 25th day

of October, 1924. The case was not tried until the 14th day of November, 1925. Appellant did not take out process for his witnesses until the 24th day of October, 1925. Nothing appears in the application showing when appellant was arrested, nor explaining why process had not been obtained at an earlier date. It contains no recitals which show diligence. Under such circumstances we must assume the ruling of the court was correct in refusing the continuance as to the witnesses not served with process. It does appear, however, waiving the question of diligence that three witnesses had been served and did not respond. It becomes necessary to determine whether the evidence expected from them was of such character as shows error in refusing the continuance.

The issue to be determined by the jury was whether appellant was intoxicated while driving the automobile at the time he was arrested. The application states that appellant expected to prove by one Vance that he was in appellant's car; that the witness was to some extent intoxicated but that appellant was not with the witness at the time the witness was drinking and did not drink with said witness and knew nothing about the intoxicants that the witness drank, and that appellant was merely trying to take care of witness which accounted for witness being in appellant's car. Nowhere° in the statement of what was expected to be proved by the witness Vance does it show that he would testify that appellant had not been drinking and was not in a state of intoxication at the time but related only to the condition of the witness.

The testimony expected from the witness Bullock was purely of an impeaching character and does not form the basis for continuance.

It is alleged that appellant expected to prove by the witness Stephenson,—(the only other witness who had been served with process)—that he had been with appellant within thirty minutes to an hour before the arrest; that the car appellant was driving belonged to witness; that appellant had driven witness into the country a "short time" before and was not under the influence of liquor then; that he (Stephenson) and Vance had been together that afternoon when Vance became intoxicated but that appellant was not with them during the time Vance had been drinking. It appears from the recitals in the application that Stephenson had not seen appellant for at least 30 minutes and perhaps an hour prior to the time of his arrest. He could have had no knowledge of whether appellant had been drinking in the meantime. It is not claimed that he would testify as to appellant's condition when arrested. We do not regard the evi-

dence expected from him of such probative force that the trial would or might have resulted differently had he been present and testified.

Believing no error was committed by the court in overruling the application for continuance or in refusing a new trial based on his action in that regard, the judgment is affirmed.

*Affirmed.*